Hart v. Goodman.

---

### JOHN HART v. RICHARD F. GOODMAN.

1.  Section 268 of the practice act (*Rev.*, *p.* 890,) is not modified or affected
    by Section 277, (*Rev.*, *p.* 892.)   The latter practically applies only to
    actions in the Circuit or Common Pleas.
2.  Upon a verdict for less than $200, in an action for libel, in this court,
    costs cannot be included in the judgment.

---

In case.   On motion to vacate so much of the judgment
entered in this cause as awarded costs.

The action was for libel.   The verdict was in favor of
plaintiff, and his damages were assessed by the jury at $75.
Upon the *postea* showing this verdict, judgment has been
entered for $75 damages and $90.78 costs.

Argued at June Term, 1880, before Justices SCUDDER and
MAGIE.

For the defendant, *L. Van Blarcom.*

The opinion of the court was delivered by

MAGIE, J.   By Section 268 of the practice act, (*Rev.*, *p.*
890,) it is provided that a plaintiff in any suit in this court
recovering less than $200, exclusive of costs, shall not be
entitled to costs.   Unless the provision has been modified by
other legislation, it is manifest the motion now made must be
granted.

It is suggested that Section 277 of the practice act (*Rev.*, *p.*
892,) may be considered to be an implied modication of Sec-
tion 268, and that in actions of the character specified in

Section 277, costs may be recovered in this court whenever more than $50 is recovered as damages.

Section 268 was originally part of an act passed November 6th, 1797, and entitled "An act to prevent suits under a certain sum being brought in the Supreme Court." *Rev. L.*, *p.* 309 ; *Pat. p.* 258. The manifest object of this legislation is expressed in this title.

Section 277 first appeared in our legislation in the " Act to simplify the pleadings and practice in courts of law," approved March 17th, 1855. *Nix. Dig., p.* 745. Its manifest object was to discourage suits for assaults, batteries, imprisonment, slander, and libel, when the nature of the injury was such that only trifling damages could be recovered.

Both these sections must be construed together, and Section 277 in no respect limits or modifies the provisions of Section 268. The former is purely negative in its language. It declares when, in certain actions, costs shall in no instance be recovered. It does not profess to enact when costs in such actions may be recovered. That must be sought from the provisions of the common law or other enactments. Section 268 puts a restriction on the recovery of costs in this court, by requiring the recovery to be as much as a certain sum before costs can be awarded. Both sections may well stand together. Section 277, though general in its terms, practically applies only to actions in the Circuit or Common Pleas. With respect to actions in this court, Section 268 is applicable, and forbids the recovery of costs in such a case as this.

The motion must therefore prevail, and the judgment be vacated, as far as the costs are concerned.